487 A.2d 686

**Ronald Jerome WHITMIRE**

**v.**

**STATE of Maryland.**

**No. 541, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Feb. 8, 1985.

Jerome James LaCorte, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Gertrude C. Bartel, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Arthur A. Marshall, Jr., State's Atty. and Steven P. Lemmey, Asst. State's Atty., for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before MOYLAN, WEANT and GARRITY, JJ.

WEANT, Judge.

On 23 March 1984, a Prince George's County jury convicted the appellant, Ronald Jerome Whitmire, of burglary and theft of goods worth less than $300. The court sentenced Whitmire to a ten-year term of imprisonment for the burglary and two years, concurrent, for the theft. Distressed with his lot, Whitmire appeals.

In this case we must decide whether physical evidence was properly admitted on the ground that it would ultimately or inevitably have been discovered, notwithstanding a possible violation of the appellant's constitutional rights. Our consideration embraces the following facts.

As Joseph Dove entered his apartment on the evening of 3 December 1980, he saw an unfamiliar person leaving apartment 203 directly below. Apparently realizing that he

had been observed, the individual ducked back inside the apartment. Dove rushed to the balcony of his own apartment and watched the intruder leap over the lower floor balcony to a spot near a white, late-model car. Dove jotted down the license plate number and telephoned the police.

That body immediately issued a radio bulletin advising that a breaking and entering was in progress at 2309 Olsen Street; it described the getaway car. Minutes later Officer Eugene Howard stopped a vehicle corresponding to that description near Olsen Street. After a backup unit arrived, Howard ordered the driver and passenger (appellant) out of the conveyance. Directing them to place their hands on the car roof, Howard "patted" both men down. He felt a hard cylindrical object in one of appellant's trouser pockets that was subsequently discovered to be a roll of dimes. A rosary and assorted papers were removed from appellant's remaining pockets. Checking the vehicle for weapons, officers discovered a pewter disk, screwdrivers and flashlight under the front seat. The police detained both occupants until Dove arrived and identified appellant as the man he had seen entering and leaving the downstairs apartment. Both men were arrested and charged. The items recovered from the appellant were identified by the resident of apartment 203, Ms. Johnson, as her possessions.

■ Prior to trial Whitmire sought to have the evidence recovered from his person suppressed as fruits of an illegal search. He argued that the seizure of the articles could not be justified as the product of a search incident to arrest because he had not been formally arrested until *after* the search when Dove identified him. Whitmire does not contest Officer Howard's right to stop the vehicle or detain and question its occupants. If he had, the Supreme Court's recent decision authorizing police to make a *Terry*[1] stop where they have a "reasonable suspicion, grounded in specific and articulable facts, that a person they encounter *was*

---

1. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

*involved* in or *is wanted* in connection with a completed felony," would preclude any challenge on this ground. *United States v. Hensley,* — U.S. —, —, 105 S.Ct. 675, 681, 83 L.Ed.2d 604 (1985) (emphasis added). The fact that Officer Howard relied on a radio bulletin in making the stop would not alter the result. *Id.* at ——–——, 105 S.Ct. at 680–82. On the facts of the case *sub judice,* the police had more than enough information to support the reasonable suspicion necessary to permit an investigatory stop. Neither does the appellant contend that the officer was not entitled to conduct a limited search for weapons. *Terry, supra.* He maintains, however, that, after the frisk, the officer conducted a general exploratory search for evidence rather than a limited search for weapons.

 In explaining his rationale for seizing the items, Officer Howard testified:

It [the cylinder] felt hard with some spaces in it, just like there was something in there. I just didn't know what it was.

\* \* \* \* \* \*

[W]e removed the items from their pockets, just to make sure that they weren't things other than what they appeared to be, like a concealed knife inside the container that the dimes was in; the rosary could have been a chain with razor blades on it; the papers could have had razor blades.

Whitmire dismisses the officer's explanation as "mere subterfuge." Considering the officer's testimony, we agree with the appellant. Absent a *reasonable* belief that appellant was armed, the seizure of the items was not warranted under *Terry.* We disagree, however, with Whitmire's contention that the evidence is not admissible because he was not formally placed under arrest until after police completed their search.

 The salient facts reveal that, at the moment Officer Howard intercepted the automobile, he had information that a breaking and entering had occurred minutes earlier at the

Olsen Street apartments. He had a description of the vehicle, including its license number, and a partial description of one of its occupants. The interception was in close temporal and spatial proximity to the crime. On this evidence Officer Howard not only had probable cause to initiate an investigatory stop, but he also had probable cause to arrest Whitmire and his companion when he stopped the vehicle. *Thompson v. State,* 15 Md.App. 335, 341, 290 A.2d 565, 569–70, *cert. denied,* 266 Md. 743 (1972).

■ Although technically Whitmire was not formally "arrested" until after Dove identified him, the police had probable cause to do so at the time of the stop. He was clearly within police custody prior to the moment he was formally advised that he was under arrest. *See Cornish v. State,* 215 Md. 64, 137 A.2d 170 (1957); *Jordan v. State,* 17 Md.App. 201, 300 A.2d 701 (1973). Logically, the search of appellant's person was legitimate. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

■ Assuming, however, that Whitmire was *not* under arrest at the time of the search and that the seizures were not legitimate under *Terry, supra,* we focus our attention on whether the articles seized would have been "inevitably discovered." Under *Nix v. Williams,* —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984), the State is required to establish, by a preponderance of evidence, that the things seized would have been legitimately discovered without the constitutional violation. Because we have assumed that Whitmire was not arrested until some time after Dove identified him, the State would be required to prove that the police would have searched him either at the scene incident to his arrest, or at the station, when inventorying his personal property. Thus, scant basis would exist for imposing the sanction of exclusion or reversal, notwithstanding the constitutional violations. *Nix,* —— U.S. at ——, 104 S.Ct. at 2508–10, 81 L.Ed.2d at 387–88.

■ In the instant case, we find that the State established by a preponderance of the evidence that a search conducted

incident to Whitmire's "arrest" inevitably would have yielded the same objects he sought to have suppressed. Therefore, applying the Supreme Court's rationale in *Nix, supra,* no reasonable basis exists for excluding the evidence. *Id.,* —— U.S. at ——, 104 S.Ct. at 2511, 81 L.Ed.2d 389. The trial court properly admitted the evidence complained of.

JUDGMENTS AFFIRMED.

COSTS TO BE PAID BY APPELLANT.